UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. NADRATOWSKI,

        Plaintiff,

        v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, ET AL.,

        Defendants.
_____/

Case No. 14-14010

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [2]**

Plaintiff's suit arises out of the foreclosure of residential property located at 21144 Sherman Avenue, Southfield, Michigan 48304 (the "Property") initiated by U.S. Bank, N.A., as Trustee for Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2006-WMC1 ("U.S. Bank"). Plaintiff alleges that U.S. Bank: (1) violated Michigan's foreclosure by advertisement statute, Mich. Comp. Laws § 600.3201 *et seq.*, (2) breached a contract with Plaintiff, and (3) fraudulently represented the availability of a loan modification. Plaintiff seeks relief in the form of a judgment setting aside the sheriff's sale and ordering a loan modification.

Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint. (Dkt. #2). For the reasons stated below, the Court GRANTS Defendants' motion.

**I. FACTS**

On September 22, 2005, Plaintiff entered into a mortgage transaction with WMC Mortgage Corporation (the "Lender"). (Def.s' Mot. Ex. A). Plaintiff granted the Lender a

mortgage on the Property in the amount of $86,700 (the "Mortgage") to secure his loan. *Id.* The Mortgage named Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Lender and its' successors and assigns. *Id.* On August 24, 2011, MERS assigned the Mortgage to U.S. Bank.  (Def.s' Mot. Ex. B).

At some point, Plaintiff failed to make payments on his loan.  According to the complaint, "Plaintiff attempted to avoid foreclosure of the Mortgage by requesting loss mitigation alternatives from [U.S. Bank], including requests for loan modification and mortgage financial assistance."  (Compl. ¶ 19).  U.S. Bank eventually declined the loan modification request and proceeded with the foreclosure process.  On October 7, 2014, the Property was sold at a sheriff's sale.  (Def.s' Mot. p. 2).

On October 17, 2014, Defendants removed this case from the Circuit Court of Oakland County to this Court on the basis of diversity jurisdiction.  In the complaint, Plaintiff alleges that U.S Bank made material misrepresentations and breached a contract concerning the availability of a loan modification. Plaintiff also maintains that the foreclosure notice violated the Michigan foreclosure statute. On October 24, 2014, Defendants filed a motion to dismiss Plaintiff's complaint.  Plaintiff submitted his untimely response on December 2, 2014.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Sixth Circuit has noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must always keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10 (c)). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition, documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotation marks and citations omitted).

### III. ANALYSIS

As a preliminary matter, the Court notes that Plaintiff's response contains arguments unrelated to Defendants' motion to dismiss, and legal claims not plead in the complaint (including alleged violations of repealed statutes). For purposes of Defendants' motion, the Court is only concerned with the legal claims plead in the complaint and focuses its analysis accordingly.

**A. Count I – Wrongful Foreclosure**

In Count I, Plaintiff alleges that U.S. Bank failed to follow the procedural requirements set forth under Mich. Comp. Laws § 600.3201 *et seq.* before foreclosing on the Property. This claim appears to hinge on U.S. Bank's purported failure "to properly calculate the amount claimed to be due on the date of the notice of foreclosure." (Compl. ¶ 23). Even assuming, *arguendo,* that this naked assertion–which represents the entirety of Plaintiff's wrongful foreclosure claim–was sufficient to satisfy the pleading standard under *Twombly*, it is legally infirm.

Michigan law requires that a notice of foreclosure by advertisement include "[t]he amount claimed to be due on the mortgage on the date of the notice." Mich. Comp. Laws § 600.3212(c). Plaintiff appears to be suggesting that the notice of foreclosure issued by U.S. Bank incorrectly stated the total amount due and, as a result, was legally invalid. From a pleading perspective, the complaint falls far short of the mark. Indeed, Plaintiff fails to assert basic elements of his claim, including the balance according to Plaintiff's records. Moreover, there is no indication how, if at all, this purported discrepancy has impaired Plaintiff's ability to challenge the underlying foreclosure. As the Supreme Court reiterated

4

in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted). Plaintiff's wrongful foreclosure claim is little more than a series of "naked assertion[s] devoid of further factual enhancement." *Id.*

Finally, even if U.S. Bank did fail to strictly adhere to Section 600.3204's requirements, Plaintiff "must do more than rest his case on speculative, future harm. He must establish prejudice (such as double liability) resulting from his failure to adhere to the statute's requirements." *Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 513 (6th Cir. 2013); *see also Kim v. JPMorgan Chase Bank, N.A.,* 825 N.W.2d 329, 337 (Mich. 2012) (To establish an actionable defect under Section 600.3204, a plaintiff "must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute."). Noticeably absent from Plaintiff's pleadings is any suggestion of prejudice stemming from a defect in the foreclosure process. For example, Plaintiff has not alleged "that [some third-party] is attempting to collect on the note, or intends to collect on the note." *Cable v. Mortgage Electronic Registration Systems,* No. 11-14877, 2012 WL 2374236, at *4 (E.D. Mich. June 22, 2012) (Denying the plaintiff's prejudice argument based on "mere conjecture that he could be subject to double liability. . . . "). Accordingly, Plaintiff has failed to state a claim for wrongful foreclosure, and the Court thus dismisses Count I.

**B. Count II – Breach of Contract**

Count II advances a claim for breach of an implied duty of good faith and fair dealing

5

based upon U.S. Bank's denial of Plaintiff's request for "loss mitigation assistance." (Compl. ¶ 27). Construed generously, Plaintiff insinuates that U.S. Bank promised to offer a loan modification if certain conditions were satisfied but later refused to do so. (Compl. ¶ 20). This claim likewise fails for a number of reasons. First, the mortgage does not contain a provision requiring U.S. Bank to modify the loan or engage in any level of "loss mitigation assistance." To the extent that Plaintiff seeks to enforce some nebulous statement of a U.S. Bank employee, the statute of frauds bars his claim. Under Michigan's statute of frauds, "a financial institution's promise regarding financial accommodation, like a loan modification, is not enforceable unless it is (1) in writing, and (2) signed by an authorized agent of the financial institution." *Heikkinen v. Bank of Am., N.A.,* No. 11-12532, 2012 WL 628608, at *7 (E.D. Mich. Feb. 27, 2012) (citing Mich. Comp. Laws § 566.132(2)(c)(3)). This statute "plainly states that a party is precluded from bringing a claim–no matter its label–against a financial institution to enforce the terms of an oral promise." *Crown Tech Park v. D & N Bank, FSB,* 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). Because Plaintiff does not allege any facts regarding a writing signed by U.S. Bank promising to modify the terms of their agreement, any claims based on this alleged promise are dismissed.

Finally, no independent cause of action for breach of an implied covenant of good faith and fair dealing is recognized under Michigan law. *Belle Isle Grill Corp. v. City of Detroit,* 666 N.W.2d 271, 279 (Mich. Ct. App. 2003). Therefore, Count II is dismissed.

### C. Count III – Fraudulent Misrepresentation

Finally, in Count III of the complaint, Plaintiff alleges that U.S. Bank made false statements of fact "intended to induce the Plaintiff to refrain from defending the [f]oreclosure in reliance on the [r]epresentations. . . ." (Compl. ¶ 31). Defendants argue

that the fraud allegations were not plead with sufficient particularity under the Federal Rules of Civil Procedure. The Court agrees.

When asserting a claim sounding in fraud, Rule 9 of the Federal Rules requires a party to state with particularity the circumstances surrounding the fraud. Fed. R. Civ. P. 9(b). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Ind. State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942–43 (6th Cir. 2009) (internal quotations and citation omitted). In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir.1993) (internal quotations and citations omitted).

Under Michigan law, to assert a viable claim of fraudulent misrepresentation a plaintiff must show:

> (1) the defendant made a material representation, (2) the representation was false, (3) when making the representation, the defendant knew or should have known it was false, (4) the defendant made the representation with the intention that the plaintiff would act upon it, and (5) the plaintiff acted upon it and suffered damages as a result.

*Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553 (Mich. Ct. App. 1999) (citations omitted). Here, Plaintiff's fraud claim, consisting of a mere five conclusory sentences, falls miserably short of the rigorous pleading standard mandated under Rule 9. Indeed, Plaintiff fails to identify the content of the allegedly fraudulent statements made by U.S. Bank with any level of specificity, alleging only that "the representations made by U.S. Bank . . . were

7

false statements of facts." (Compl. ¶¶ 21, 31). This, in addition to Plaintiff's failure to plausibly allege any of the other circumstances surrounding the fraudulent misrepresentation, leads to the conclusion that Plaintiff has not satisfied his burden at the pleading stage.

Moreover, Plaintiff seems to infer in his allegations related to the fraud claim that it is based on U.S. Bank's failure to engage in loss mitigation alternatives, which, as the Court previously explained, is not required under the contract, and thus cannot support a private cause of action under Michigan's statute of frauds.

Accordingly, the Court dismisses Count III.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' motion to dismiss the complaint. (Dkt. # 2). This order closes the case in its entirety.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager